UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61351-CIV-MOORE
MAGISTRATE JUDGE P.A. WHITE

JONATHAN HUGHES,                      :

    Plaintiff,                         :

v.                                    :
                                                         PRELIMINARY REPORT
SHERIFF AL LAMBERTI, ET AL.,          :   OF MAGISTRATE JUDGE

    Defendants.                        :
_____

## I. Introduction

    The plaintiff Jonathan Hughes, currently incarcerated at the Joseph V. Conte Facility, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for damages. [DE# 1]. The plaintiff has been granted leave to proceed in forma pauperis.

    This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

## II. Analysis

    As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

                    *  *  *

        (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

>the court shall dismiss the case at any time if the court determines that –
>
>\* \* \*
>
>(B) the action or appeal –
>
>\* \* \*
>
>(i)  is frivolous or malicious;
>
>(ii) fails to state a claim on which relief may be granted; or
>
>(iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the

Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ. , 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

    A.   Statement of Claims

3

The plaintiff names the following defendants:

1. Broward County Sheriff Al Lamberti
2. Deputy Sheriff Caleb Ballinger
3. John Does 1 and 2 (Broward County Deputy Sheriffs)

The plaintiff alleges that on June 4, 2008 an unidentified deputy (Doe 1) searched him after he told the plaintiff that it was a policy of the Broward County Sheriff to search anyone on probation at any time and after threatening to take the plaintiff to jail if he didn't cooperate with the search. Deputy Ballinger and Doe 2 arrived and they searched the plaintiff despite his lack of consent and absence of probable cause. The plaintiff states that he was not under arrest at the time of the searches and does not provide any details about whether he was arrested or charged after the searches. Review of the Broward County court docket on the internet reveals that the plaintiff is a pretrial detainee facing charges for crimes allegedly committed on the date in question. The plaintiff seeks monetary damages.

B. Analysis

Principles of equity, comity and federalism in certain circumstances counsel abstention in deference to ongoing state proceedings. See Younger v. Harris, 401 U.S. 37 (1971). The Younger abstention doctrine is based on the principle that the states have a special interest in enforcing their own laws in their own courts. Id. at 44.[1] The rule is "designed to permit state

---

1. The Supreme Court has not decided whether Younger abstention applies when the relief sought in federal court is damages for alleged police misconduct when effecting an arrest in an underlying state criminal case. See Deakins v. Monaghan, 484 U.S. 193, 202 &
(continued...)

4

courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." Zalman v. Armstrong, 802 F.2d 199, 205 (6 Cir. 1986) (internal quotations omitted). The Supreme Court in Heck expressly recognized that "if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings." Id. at n. 8 (emphasis added).

In this case, the state criminal proceedings are pending, and the plaintiff has an adequate opportunity to raise his constitutional claims in state court. There are no extraordinary circumstances that warrant federal intervention. The plaintiff can and should present his federal claims in his ongoing state court proceedings.

---

(...continued)
n. 6 (1988) (reserving the question as to the extent the Younger doctrine applies to a federal action seeking only monetary relief, but noting that the district court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding). The Circuit Courts of Appeals are divided on this issue, and the Eleventh Circuit has indicated its approval of applying the Younger doctrine to damages actions. See Doby v. Strength, 758 F.2d 1405, 1406 (11 Cir. 1985) ( per curiam) (reversing dismissal of §1983 action, but ordering district court to abstain from resolving the merits of petitioner's claims until state court conviction is reviewed by the Georgia Court of Appeals); but see Pompey v. Broward County, 95 F.3d 1543, 1552 n. 12 (11 Cir. 1996) (dictum) ("It is doubtful that federal district courts may dismiss claims for damages under abstention principles."). In Doby, supra, the Eleventh Circuit found that a pro se prisoner's §1983 claim raised the identical Fourth Amendment claims that were pending before the state court of appeals in the challenge to his underlying conviction. As a result, the court determined that the district court should abstain from resolving the merits of the prisoner's claims until the state court of appeals issued its final decision. 758 F.2d at 1406.

## III. Recommendation

Based on the foregoing, it is recommended that this civil action be dismissed pursuant to Younger.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 5th day of September, 2008.

                                             _____
                                             UNITED STATES MAGISTRATE JUDGE

cc: Jonathan Hughes, Pro Se
    Joseph V. Conte Facility
    P.O. Box 407016
    Ft. Lauderdale, FL 33340