UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-61351-CIV-MOORE

JONATHAN EUGENE HUGHES,

    Plaintiff,
vs.

SHERIFF AL LAMRERTI, et al.,

    Defendants.

_____/

## ORDER ADOPTING IN PART REPORT OF MAGISTRATE JUDGE

THIS CAUSE is before the Court upon Plaintiff Jonathan Hughes' Complaint pursuant to 42 U.S.C. § 1983 (dkt # 1).

THIS MATTER was referred to the Honorable Patrick A. White, United States Magistrate Judge. Magistrate Judge White issued a Report (dkt # 4) recommending that Plaintiff's § 1983 claim be dismissed. Plaintiff filed an Objection to the Report on January 30, 2009 (dkt # 8). Plaintiff has filed several other complaints, all of which have either been dismissed as duplicative or consolidated into the instant action as amended complaints.[1]

---

[1] Plaintiff filed a second § 1983 complaint on September 19, 2008 alleging substantially similar facts. (See Hughes v. Lamberti, No. 08-cv-61494-KMM (S.D. Fla. filed Sept. 19, 2008). In that case, Magistrate Judge White issued a Report on October 14, 2008, recommending that the complaint be dismissed as duplicative of the instant action. This Court adopted the Magistrate's Report and terminated that case on November 10, 2008 (Case No. 08-cv-61494-KMM, dkt # 8).
    Plaintiff filed a third § 1983 complaint on December 23, 2008, alleging the same facts but identifying "John Doe I" as Deputy Lacera. (see Hughes v. Lamberti, No. 08-cv-62061-CIV-PAS (S.D. Fla. filed Dec. 23, 2008). Magistrate Judge White issued a Report in that case on January 12, 2009, recommending that the second case be closed and the complaint be docketed

1

UPON CONSIDERATION of the Complaint, Magistrate Judge White's Report, the Objection, after a de novo review of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

I.  BACKGROUND

Plaintiff Jonathan Eugene Hughes ("Hughes") is presently confined at the Taylor Correction Institution Annex. Proceeding pro se, Hughes alleges that Broward County Sheriff Al Lamrerti ("Lamrerti"),[2] Deputy Sheriff Caleb Ballinger ("Deputy Ballinger"), Deputy Sheriff Lacera ("Deputy Lacera"), and an unidentified Sheriff's Deputy (collectively, "Defendants") violated his constitutional rights by conducting an unlawful search of his person.[3]

Plaintiff claims that, on June 4, 2008, Deputy Lacera initiated an investigatory stop without reasonable suspicion that he was committing a crime. Hughes and an acquaintance were talking with each other on the sidewalk when Deputy Lacera first approached them. Deputy Lacera asked Hughes and his acquaintance if they would consent to a search. Hughes refused

---

as an amended complaint in the instant action. Judge Seitz issued an order on February 20, 2009 adopting the Report and closing the case; however, the complaint was never docketed in the instant case.
    Plaintiff filed a fourth § 1983 complaint on May 7, 2009, alleging the same basic facts as before, but adding the allegation that the Defendants confronted him twice on June 4, 2008. (See Hughes v. Lamberti, No. 09-60672-CIV-DIMITROULEAS (S.D. Fla. filed May 7, 2009). In that case, Plaintiff claims he was not arrested prior to the second encounter. He also states that he has case No. 08013359MM10A open in the Broward County Court resulting from his arrest. Nowhere does his Complaint mention the circumstances of the arrest. See id. Magistrate White filed a Report on June 22, 2009, recommending that the complaint be consolidated with the instant action and resubmitted for preliminary screening. (Case No. 09-60672, dkt # 7).
    [2] In the Complaints discussed in footnote one, Hughes has referred to the Broward County Sheriff as Al Lamberti. In this cause, however, Hughes has referred to the Broward County Sheriff as Al Lamrerti.
    [3] For the limited purpose of conducting an initial analysis pursuant to 28 U.S.C. § 1915, the facts alleged in Hughes' Complaint will be taken as true.

numerous times, but was told that if he did not consent to the search he would be taken to jail. Deputy Lacera also stated that he "was not going to stand there and not search [Plaintiff] because he might have a weapon or something to hurt him." (Am. Compl. at 5).[4] Deputy Lacera then forcibly patted down Hughes and removed his wallet. Hughes attempted to leave, but Deputy Lacera instructed him to stay. Deputy Lacera then called for back-up and, subsequently, Deputy Ballinger arrived on the scene along with an unidentified deputy.

Hughes attempted to leave a second time, but Deputy Ballinger told him to stay where he was or else he would be taken to jail. Deputy Lacera then gave Hughes' wallet to Deputy Ballinger, and Deputy Ballinger called dispatch. The Deputies were notified that Hughes was on probation. Deputy Ballinger then stated that, by policy of the Broward County Sheriff's Office, he could search Hughes at any time because he was on probation. Despite Hughes' objections, the Deputies searched his person, forced him to get on the ground, and instructed him to remove his socks and shoes. Defendants did not find anything on Hughes' person and allowed him to leave.

Hughes, however, was arrested by Defendants later that same day, June 4, 2008. In his Report, Magistrate White noted that Hughes was facing state criminal charges for crimes allegedly committed on June 4, 2008. (Magistrate's Report at 4, dkt # 4). In his Objection to the Report, Hughes stated that he came in contact with Defendants twice on June 4, 2008, and argued that his § 1983 claim was based on the earlier encounter with Defendants and had nothing to do with his later arrest and subsequent state criminal charges. (Pl.'s Obj. to Magistrate's

---

[4] As noted in footnote one, the Complaint filed by Hughes in Case No. 08-62061-CIV-SEITZ is construed as an amended complaint in this case.

Report at 3, dkt # 8). In his Amended Complaint, Hughes cited the case number of the state criminal proceeding, but failed to provide any other information. (Am. Compl. at 4). A review of the Broward County Clerk's Office records reveals that one of the counts was resisting an officer and obstruction without violence in violation of Florida Statute 843.02.[5] It also reveals that Hughes' criminal case has reached a final disposition. It is unclear, however, what verdict was rendered or whether Hughes has decided to pursue an appeal. To date, Hughes has not described the circumstances of his arrest nor has he provided any facts in support of his argument that the charges in his state criminal case are unrelated to the alleged earlier encounter that Hughes claims is the basis for the instant action.

## II.   STANDARD OF REVIEW

A prisoner seeking to proceed in forma pauperis in a civil action must comply with the provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. Congress enacted the PLRA in an effort to curb the flood of prisoner lawsuits filed in federal court. Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000). Pursuant to the PLRA, this Court is obliged to review Hughes' Complaint and dismiss the action if it is "(i) frivolous or malicious; (ii) fails to

---

[5] Pursuant to Federal Rule of Evidence 201(b), this Court may take judicial notice of the fact that Hughes was charged with a violation of § 843.02, Florida Statutes. Rule 201(b) provides "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; Tambourine Comercio Internacional SA v. Solowsky, 312 Fed. App'x. 263, 288 (11th Cir. 2009). This information was obtained through the Broward County Clerk's Office and its accuracy cannot reasonably be questioned. See U.S. v. Capua, 656 F.2d 1033, 1038 n.3 (5th Cir. 1981) (taking judicial notice of information in official records of a different court); see also United States v. Ashe, 90 F. Supp. 463, 464 (W.D. Pa. 1950) ("[j]udicial notice will be taken of all records and proceedings in either the state or federal courts which relate to the petitioner's claim for relief").

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under § 1915(e)(2)(B)(i) "'where it lacks an arguable basis either in law or in fact.'" Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). Dismissal on this ground should only be ordered when the legal theories are "indisputably meritless" or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Nietzke, 490 U.S. at 327.

Courts apply the Federal Rule of Civil Procedure 12(b)(6) standard in reviewing dismissals under § 1915(e)(2)(B)(ii) for failure to state a claim. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint must only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). However, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002). Additionally, an in forma pauperis complaint may not be dismissed simply because the court finds the plaintiff's allegations unlikely. Denton, 504 U.S. at 33. "If the complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss [the] action until the court has conducted a 'sufficient inquiry' to

determine whether the plaintiff's realistic chances of ultimate success are slight." Moreland v. Wharton, 899 F.2d 1169, 1170-71 (11th Cir. 1990) (quoting Harris v. Menendez, 817 F.2d 737, 740 (11th Cir. 1987)). Because Hughes is appearing pro se, his pleadings must be construed liberally and must be held to a less stringent standard than those drafted by an attorney. See Erickson, 551 U.S. at 94; Guerrero v. U.S. Att'y Gen., 252 Fed. App'x 269, 272 n.2 (11th Cir. 2007).

### III. ANALYSIS

#### A. Dismissal Pursuant to Younger Abstension

In his Report, Magistrate White recommends that this civil action be dismissed pursuant to Younger v. Harris, 401 U.S. 37 (1971). (Mag.'s Rpt. at 5-6, dkt. # 4). Under Younger, federal courts are compelled to abstain from interfering with pending state court criminal proceedings except under special circumstances. See 401 U.S. at 53-54. "While non-abstention remains the rule, the Younger exception is an important one." Christman v. Crist, 315 Fed. App'x. 231, 232 (11th Cir. 2009) (quoting 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003)). Abstention is required under Younger when: "(1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." Id. State proceedings are deemed ongoing for Younger purposes until the state appellate process is completed. Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11 (1975).

In his Amended Complaint, Hughes states that he is currently a defendant in state criminal proceeding No. 08013359MM10A, pending in Broward County Court. (Am. Compl. at 4). This statement indicates that Hughes' state criminal proceedings were ongoing at the time he

filed his Amended Complaint. Although a review of the Broward County Clerk's Office records shows that Hughes' state criminal proceeding has reached disposition, it is unclear what verdict was rendered or whether Hughes is currently pursuing an appeal. Additionally, the Eleventh Circuit has recognized that the ability to prosecute criminal charges constitutes an important state interest. See Christman, 315 Fed. App'x. at 232 (finding ability to prosecute DUI charges important state interest). The only remaining question, therefore, is whether there is an adequate opportunity in the state criminal proceedings for Hughes to raise his constitutional challenges. Plaintiffs bear the burden of establishing that state procedures are inadequate. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987); 31 Foster Children, 329 F.3d at 1263; Butler v. Al. Judicial Inquiry Comm'n, 245 F.3d 1257, 1262 (11th Cir. 2001); Kuhn v. Thompson, 304 F. Supp. 2d 1313, 1325 (M.D. Ala. 2004). Hughes, therefore, has the burden of showing that the state procedures are inadequate because he is unable to raise his § 1983 claim in the course of his criminal proceeding.

Younger has been extended to cases where a pro se prisoner brings a § 1983 claim against law enforcement officers for alleged constitutional violations occurring during the course of an arrest, where it appears that the federal court would have to rule on issues that would also have to be decided by the state court in the underlying criminal case. See D'Angelo v. Taylor, No. CV608-057, 2008 WL 3861893, at *2 (S.D. Ga. Aug. 18, 2008) (citing Doby v. Strength, 758 F.2d 1405, 1406 (11th Cir. 1985)); Johnson v. Niehus, No. CV105-125, 2007 WL 1185676, at *11-12 (S.D. Ga. April 18, 2007). For example, in Johnson, a plaintiff alleged that the defendants, three police officers, used excessive force during the course of his arrest in violation of the Fourth Amendment. 2007 WL 1185676 at *1-2. But Johnson was also facing three

counts of aggravated assault in state court for allegedly assaulting the same officers. Id at *1. If the federal court allowed the excessive force claim to proceed, it would have had to determine whether the defendant officers' actions were unprovoked, and whether the plaintiff had previously assaulted them. See id. at 11. The court decided to stay all proceedings in the federal case pending the ultimate resolution of the underlying criminal case, because the plaintiff was asking the court to "make factual determinations identical to the factual determinations that must also be made by the state court." Id. (quoting Stewart v. Beaufort County, No. 9:06-0624-PMD, 2007 WL 1020847 at *10 (D.S.C. Feb. 6, 2007). Allowing the federal claim to proceed "would result in simultaneous litigation of the same issues such that [the] court's ruling might embarrass and interfere with the state proceedings." Id. In such situations, the federal court must abstain from hearing the case. See id.

Courts have found Younger abstention inapplicable in § 1983 claims where it was possible to determine from the facts alleged that the plaintiff's claim in federal court had no bearing on the pending state criminal proceedings. See Scheuerman v. City of Huntsville, Al., 373 F. Supp. 2d 1251, 1254 (N.D. Ala. 2005). In such cases, however, the courts had already been provided with pivotal information regarding the plaintiff's arrest and the charges that had been filed in state court. See id. In Scheuerman, for example, the plaintiff explicitly stated in his complaint that he "was charged with attempted murder of a police officer" and was "awaiting trial on that charge." Id. at 1256. His § 1983 claim, in contrast, involved the excessive use of force in his capture, which occurred some time after the attempted murder alleged in the state indictment. Based on this information, the plaintiff was able to establish that his § 1983 claim was unrelated to his state court case. Id.

Hughes, on the other hand, has only made a conclusory argument, unsupported by the facts in his Complaint, that his § 1983 claim is unrelated to his state court proceedings. (See Pl.'s Compl. at 3). Specifically, the Complaint does not provide any information whatsoever regarding the circumstances of his arrest or any other information relating to his pending state criminal proceeding. Id. 4-6. Hughes has only made the bare assertion that the charges are unrelated to the alleged unlawful search, despite their involving the exact same parties on the exact same date. See id. at 3. These are "legal conclusions masquerading as facts." Oxford Asset Mgmt., 297 F.3d at 1187-88. Considering, however, that one of the charges was resisting an officer, and some of the facts enumerated in Hughes' Complaint could be used to support such a charge, it is difficult to discern whether the charges are unrelated to the earlier incident.[6]

District courts are split over what to do in such a situation. Compare Page v. Pierce County Fife Police Dept., No. C08-5381 FDB/KLS, 2008 WL 3925882, at *3 (W.D. Wash. Aug. 20, 2008); Larry v. McKeithen, No. 5:07cv114/RS/EMT, 2007 WL 2883830, at *5 (N.D. Fla., Sept. 28, 2007) with Langdell v. Marcoux, No. 2:08-CV-161, 2009 WL 890121, at *3 (D. Vt.

---

[6] To support a charge of resisting or obstructing an officer without violence in violation of Section 843.02, Florida Statutes, the State is required to prove that "(1) the officer was engaged in the lawful execution of a legal duty; and (2) the actions of the defendant obstructed, resisted or opposed the officer in the performance of that legal duty." V.L. v. State, 790 So.2d 1140, 1142 (Fla. Dist. Ct. App. 2001); Jay v. State, 731 So.2d 774, 774-75 (Fla. Dist. Ct. App. 1999); S.G.K. v. State, 657 So.2d 1246, 1247 (Fla. Dist. Ct. App. 1995). Plaintiff Hughes claims that the deputies were performing an "investigatory stop" when they confronted him. (Am. Comp. at 3-4). To justify an investigatory stop of a citizen, and to therefore establish that the deputies were in engaged in the lawful execution of a legal duty, they must have had reasonable suspicion that Hughes was committing, or was about to commit a crime. Popple v. State, 626 So.2d 185, 186 (Fla. 1993). Plaintiff claims that the deputies lacked reasonable suspicion to stop him in the first place. If the § 843.02 charge relates in some way to the incident that Hughes describes in his complaint, this Court might have to decide issues that are directly before the state court. Specifically, both courts might have to determine whether reasonable suspicion

March 30, 2009). In Larry, another §1983 suit brought by a pro se prisoner against law enforcement officers, the court ordered the plaintiff to file an amended complaint since he had failed to state either the nature of the criminal charges that had been filed against him or their outcome. 2007 WL 2883830, at *5. In Page, a plaintiff brought a § 1983 claim alleging Fourth and Fifth Amendment violations against officers who allegedly executed an unlawful search of his residence and then "kidnapped" him. 2008 WL 3925882, at *3. It was, however, unclear from the complaint whether he was subsequently detained or if any charges had been filed against him as a result of his encounter with the defendants. Thus, the plaintiff was instructed to file an amended complaint providing "an explanation as to the status of . . . the criminal case or cases against him as they relate to his claims in this case against [d]efendants." Id.; see also Tillman v. Patrick, No. 09-CV-119-KSF, 2009 WL 1176423, at *1 (E.D. Ky., April 28, 2009) (dismissing § 1983 claim without prejudice because it was unclear whether the alleged search and seizure eventually led to the plaintiff's arrest and incarceration).

However, in Langdell, the court allowed a § 1983 claim to progress past the initial § 1915 screening phase, and denied a motion to dismiss, where there had not been an actual showing that litigation of the plaintiff's claim would interfere with his ongoing state court criminal proceedings. 2009 WL 890121, at *3. The Langdell Court, relied heavily on the court's reasoning in Scheuerman. See id. at *3-4 (citing Scheuerman, 373 F. Supp. 2d at 1256). The plaintiff in Scheuerman provided a factual basis to support his argument that Younger should not apply; that is, he spelled out the charges that he was facing in state court and was able to positively establish that his § 1983 claim was unrelated. See Scheuerman, 373 F. Supp. 2d at

---

suspicion existed.

1256. Indeed, in every case cited by the court in Scheuerman, the nature of the plaintiff's criminal charges had been entered into the record and it was possible to determine that the litigation in federal court would not interfere with state court proceedings. See id. at 1255-57. By contrast, in Langdell, the plaintiff did not indicate the reason for his arrest and the charges underlying his criminal prosecution were never considered. 2009 WL 890121, at *3-4 ("[L]angdell does not specify the reason for his arrest, and the defendants have not identified the charges underlying his criminal prosecution"). Nevertheless, the Langdell Court placed the burden on the defendant to establish that state procedures were adequate, and allowed the claim to proceed. Supreme Court and Eleventh Circuit precedent, however, state that the plaintiff has the burden of establishing that state procedures are inadequate. See Pennzoil Co., 481 U.S. at 14; 31 Foster Children, 329 F.3d at 1263; Butler, 245 F.3d at 1262. In light of the foregoing, the Court deems it appropriate to allow Hughes to amend his Complaint to provide an explanation as to the status of the criminal case or cases against him as they relate to his claims in this case against Defendants.

  B.  Dismissal Under Heck

  In his Report, Magistrate White also suggested that the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), applies to bar Hughes' claims because Hughes has not yet obtained a favorable termination on his underlying criminal claim. (See Magistrate's Report at 5). Under Heck, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence [or negate an element of the offenses charged]; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence

11

has already been invalidated." Heck, 512 U.S. at 486-87. To make this determination, "[t]he court must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted in order to make such a decision." Hughes v. Lott, 350 F.3d 1157, 1161 n.2. The Court has insufficient information at this time to determine whether a successful suit would negate an element of the offenses that Hughes has been charged with or whether a conviction has resulted from those charges. The Court, therefore, cannot yet determine whether Hughes' § 1983 claim is barred under Heck. See id.

    C.    Hughes May Amend His Complaint

In light of the foregoing, for the purpose of deciding whether abstention under Younger or dismissal under Heck is necessary, Hughes is instructed to amend his Complaint to include: (1) all pertinent facts regarding the circumstances of his arrest; (2) the charges that were brought against him in the state criminal proceedings; (3) the current status of his state criminal proceedings; and (4) whether his state criminal proceedings have terminated in his favor.

Hughes is reminded that, in order to proceed, he must demonstrate that his constitutional claim is unrelated to the specific charges that have been filed against him in state court. Asserting conclusory arguments that his federal and state cases are unrelated, without reference to pleaded facts, will not suffice. Additionally, Hughes is advised that the amended compliant must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Hughes is advised to use either the civil rights complaint form or to follow its format.

**IV. CONCLUSION**

Based on the foregoing, it is

has already been invalidated." Heck, 512 U.S. at 486-87. To make this determination, "[t]he court must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted in order to make such a decision." Hughes v. Lott, 350 F.3d 1157, 1161 n.2. The Court has insufficient information at this time to determine whether a successful suit would negate an element of the offenses that Hughes has been charged with or whether a conviction has resulted from those charges. The Court, therefore, cannot yet determine whether Hughes' § 1983 claim is barred under Heck. See id.

### C. Hughes May Amend His Complaint

In light of the foregoing, for the purpose of deciding whether abstention under Younger or dismissal under Heck is necessary, Hughes is instructed to amend his Complaint to include: (1) all pertinent facts regarding the circumstances of his arrest; (2) the charges that were brought against him in the state criminal proceedings; (3) the current status of his state criminal proceedings; and (4) whether his state criminal proceedings have terminated in his favor.

Hughes is reminded that, in order to proceed, he must demonstrate that his constitutional claim is unrelated to the specific charges that have been filed against him in state court. Asserting conclusory arguments that his federal and state cases are unrelated, without reference to pleaded facts, will not suffice. Additionally, Hughes is advised that the amended compliant must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Hughes is advised to use either the civil rights complaint form or to follow its format.

## IV. CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUGED that Plaintiff is granted leave to file an amended complaint within thirty (30) days from the date this Order is entered. Failure to file an amended complaint will result in dismissal of this action. Furthermore, Magistrate Judge White's Report is ADOPTED to the extent it is consistent with this Order.

DONE AND ORDERED in Chambers at Miami, Florida this 17th day of December, 2009.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:

Jonathan Eugene Hughes, # L15141
Taylor Correctional Institution Annex
8629 Hampton Springs Road
Perry, Florida 32348-8787