```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-61351-CIV-MOORE
                              MAGISTRATE P. A. WHITE

JONATHAN EUGENE HUGHES,       :

      Plaintiff,              :

v.                            :        REPORT OF
                                    MAGISTRATE JUDGE
SHERIFF LAMBERTI, et al.,               (DE#25)
                              :

      Defendants.             :
_____
```

## I. Introduction

The pro-se plaintiff, Jonathan Eugene Hughes, filed a civil rights complaint pursuant to 42 U.S.C. §1983.(De#1) The plaintiff alleges excessive force, failure to intervene, unlawful search and seizure, and unlawful arrest. The plaintiff seeks monetary damages. The plaintiff is proceeding in forma pauperis.

This Cause is before the Court upon the Motion to Dismiss filed by Defendant Broward Deputies Lacerra, Ballinger and John Doe (DE#25).[1]

## II. Analysis

### Applicable Law for Screening

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the

---

[1] The plaintiff's reply was due on or before 11/22/10, no reply has been filed.

plaintiff has failed to state a claim upon which relief may be granted. See Fed.R.Civ.P. 12(b)(6). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

Facts of the complaint

In the initial complaint, the plaintiff named Broward Sheriff Al Lamberti, Deputy Sheriff Caleb Ballinger, and Broward County Deputies John Does 1 and 2.

The plaintiff alleged that on June 4, 2008, an unidentified deputy (Doe 1) unlawfully searched him, despite his objections. Once the deputy became aware that the plaintiff was on probation, he informed the plaintiff that it was a policy of the Broward

County Sheriff to search anyone on probation at any time. He threatened to take the plaintiff to jail if he didn't cooperate with the search.  Deputy Ballinger and Doe 2 arrived and they searched the plaintiff despite his lack of consent and absence of probable cause.  The plaintiff states that he was not under arrest at the time of the searches.  Review of the Broward County court docket on the internet revealed that the plaintiff was a pretrial detainee at the time, facing charges for crimes allegedly committed on the date in question. The plaintiff seeks monetary damages.

In the initial Report and Recommendation, applying <u>Younger</u>, the Undersigned stated, "In this case, the state criminal proceedings are pending, and the plaintiff has an adequate opportunity to raise his constitutional claims in state court. There are no extraordinary circumstances that warrant federal intervention.  The plaintiff can and should present his federal claims in his ongoing state court proceedings."  (DE# 4, p. 6). As a result, the Preliminary Report recommended that the civil action be dismissed pursuant to <u>Younger</u>. (DE# 4, p. 7).

Upon objections, the District Court adopted the Preliminary Report in part, and permitted the plaintiff to file an amended complaint.

<u>The superceding amended complaint</u> (DE#11)

Hughes subsequently filed a superceding amended complaint. (DE# 11).  He again named as defendants Lamberti, Ballinger, and Deputy John Doe, and added Deputy Lacerra as a defendant, previously identified as a Deputy John Doe 1. (DE# 11, p. 2). Hughes describes two incidents which occurred on June 4, 2008, one around 9:30 a.m. and the second at 10:30 a.m.

3

First Incident

Hughes claims he was riding his bike in Pompano Park and handing out flyers to advertise a family business when he stopped on the sidewalk to engage in a conversation with a friend. At this point, Deputy Lacerra pulled up and asked them what they were doing. Hughes explained they were just chatting and he was handing out flyers. Lacerra then asked Hughes twice if he could search him and Hughes refused to give consent, claiming he had done nothing to warrant a search. Lacerra ignored Hughes and forcefully conducted a pat-down, during which he confiscated Hughes's wallet. Hughes tried to walk away, but Lacerra forbade his leaving until Lacerra gave him permission. When Lacerra next called for backup, Deputy Ballinger and Deputy John Doe 2 arrived. The deputies allowed Hughes's friend to leave. Hughes tried to walk away two more times. Ballinger ordered him to remain and threatened to arrest him if he tried to leave again. Upon contacting dispatch and learning that Hughes was on probation, Ballinger informed Hughes that pursuant to the policies of the Broward County Sheriff's Office (BCSO), Ballinger, could search and seize Hughes based on his status as a probationer. Ballinger next forced Hughes off his bike, pushed him to the ground, and physically prevented Hughes from leaving. Lacerra and Doe stood by without intervening. To further prevent Hughes's exit, Ballinger ordered Hughes to remove his shoes and socks. Ballinger and Doe conducted a search of Hughes's pockets, shoes, and socks, during which Hughes expressly refused to consent to the search. Instead of arresting Hughes, the deputies then told Hughes to leave and not return to the area. (DE# 11, p. 4-5).

Second Incident

After his encounter with the officers, Hughes rode his bike to Broadview Estates, located in another part of the same neighborhood, and continued to distribute flyers. Hughes observed Ballinger drive by, park in front of a nearby store, and begin to watch him. Hughes rode his bike past Ballinger's vehicle and Ballinger ordered Hughes to stop. Hughes responded by riding his bike to the back of the store, jumping over a fence, and entering a near-by house. Ballinger called for back-up and the officers surrounded the house. When Hughes attempted the leave the house, Ballinger placed Hughes under arrest. As a result, Hughes was charged with resisting a police officer without violence and trespass upon school grounds. According to a July 29, 2009 County Court Disposition Order, attached to the amended complaint, the charges were <u>nolle prossed</u> by the state. (DE# 6-7).

Liberally construed, Hughes alleged that **(1)** Lacerra, Ballinger, and Doe each used excessive force during the first incident in violation of his Fourth Amendment rights; **(2)** Lacerra and Doe failed to intervene when Ballinger used excessive force during the first incident in violation of his Fourth Amendment rights; **(3)** Lacerra, Ballinger, and Doe violated Hughes's Fourth Amendment rights by conducting an unlawful search and seizure during the first incident; and **(4)** Ballinger violated his constitutional rights by falsely arresting Hughes during the second incident. Hughes requests declaratory relief and requests compensatory/punitive damages for physical and emotional injuries. Hughes sues the defendants in their individual capacities.

Following the Preliminary Report, adopted on May 10, 2010, Sheriff Lamberti was dismissed as a party, and the excessive use of

5

force claim and pendent state law claims against defendant Doe were dismissed. The case proceeded on the following claims:

1. The excessive use of force, failure to intervene, and unlawful search and seizure claims against defendant Lacerra in his individual capacity.

2. The excessive use of force, unlawful search and seizure, and unlawful arrest claims against defendant Ballinger in his individual capacity.

3. The pendent state law claims alleging assault and battery against Ballinger and Lacerra in their individual capacities.

4. The failure to intervene and unlawful search and seizure claims against defendant Doe in his individual capacity.

Motion to Dismiss

On September 23, 2010, Defendants Lacerra, Ballinger and John Doe[2] filed a motion to dismiss the amended complaint on the following grounds: 1) all defendants assert qualified immunity, 2)the claims of excessive force, failure to intervene and assault and battery are subsumed within the claim of an unlawful search and seizure. The force described is de minimis and does not constitute excessive force, 3) there was no constitutional violation as plaintiff does not state Ballinger arrested him and conceded there was no false arrest during the second incident based on his objections (DE#8).

---

[2]The defendant's state that John Doe is included in the motion to dismiss, the defendants do not waive any defenses as to plaintiff's failure to name him.

6

Qualified Immunity

The defendants argue that they are entitled to qualified immunity. Qualified immunity may protect government officials performing discretionary functions from being sued in their individual capacities. <u>Williams v Ala. State Univ</u>, 102 F.3d 1179 (11 Cir. 1997). It shields government actors from liability to the extent their conduct does not violate clearly established constitutional rights of which a reasonable person would have known. <u>Harlow v Fitzgerald</u>, 457 U.S. 800 (1982). The purpose is to allow government officials to carry out their discretionary duties without fear of personal liability. <u>Lee v Ferraro</u>, 284 F3d 1188 (11 Cir. 2002).

Qualified immunity involves a two step determination. <u>Saucier v Katz</u>, 533 U.S. 194 (2001); determining whether the government official was performing a discretional function when the allegedly wrongful acts occurred, <u>Madiwale v Savaiko</u>, 117 F.3d 1321 (11 Cir. 1997), and whether the right was a clearly established right such that a reasonable official would understand what he is doing violates that right. <u>Anderson v Creighton</u>, 483 U.S. 635 (1987). The Supreme Court has altered this test in <u>Pearson v Callahan</u>, 129 S.Ct 808 (2009) stating that a less rigid adherence to the rule may be applicable in certain circumstances.

Claim 1: Lacerra, Ballinger,
and Doe – Excessive Use of Force

Claims of excessive force by police officers are cognizable under 42 U.S.C. §1983, as are claims that officers who were present failed to intervene. <u>Fundiller v. City of Cooper City</u>, 777 F.2d 1436 (11 Cir. 1985). A claim that a law enforcement officer used

excessive force in the course of an arrest, an investigatory stop, or any other seizure of a free citizen is to be analyzed under the Fourth Amendment and its "reasonableness" standard. Graham v. Connor, 490 U.S. 386 (1989)("all claims that law enforcement officers have used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard"); Ortega v. Schram, 922 F.2d 684, 694 (11 Cir. 1991). The application of de minimis force, without more, will not support a claim for excessive force in violation of the Fourth Amendment. Hamilton v City of Jackson, Alabama, 261 F. App'x 182, 186 (11 Cir. 2008).

Although initially finding that the plaintiff had stated a claim for use of excessive force, close examination reveals that the plaintiff's allegation that the Deputy patted him down "forcefully" and that he forced him off his bike by pushing him to the ground, without specific allegations of anything other than minor injuries fails to demonstrate anything more than the use of de minimis force. The facts as stated are insufficient under the Twombly standard to proceed against Lacerra, Ballinger and Doe. This claim should be dismissed.

Because Hughes asserts insufficient facts to proceed with his excessive use of force claim against Ballinger and Lacerra, his pendent state law claims alleging assault and battery, based on the same facts, should also be dismissed.

Claim 2: Lacerra and
Doe – Failure to Intervene

Hughes argues that Lacerra's and Doe failure to intervene when

Ballinger used excessive force against him constituted a violation of Hughes's Fourth Amendment rights. Hughes seeks a judgment declaring this fact and seeks compensatory/punitive damages for injuries sustained.

In a case in which excessive force is used, it is not necessary for police officers to actually participate in its use in order to be held liable under §1983. Rather, they can be held liable for their nonfeasance if they are present at the scene and fail to take steps to protect a victim from a fellow officer's use of excessive force. <u>Fundiller v. City of Cooper City</u>, 777 F.2d 1436, 1441-42 (11 Cir. 1985), and cases cited therein.

Since Hughes has failed to state even minimally sufficient facts under <u>Twombly</u> or any "heightened pleading" standard to demonstrate excessive force, the claims of failure to intervene against Lacerra and Doe should be dismissed.

<u>Claim 3: Lacerra, Ballinger,
and Doe – Unlawful Search and Seizure</u>

Hughes also argues that Lacerra, Ballinger, and Doe violated his Fourth Amendment rights by conducting an unlawful search and seizure during the first incident. He seeks declaratory relief and compensatory/punitive damages.

As stated by the Eleventh Circuit in <u>U.S. v. Alexander</u>, 835 F.2d 1406, 1408 (11 Cir. 1988), the basic premise of the search doctrine is that "searches undertaken without a warrant issued upon probable cause are 'per se unreasonable under the Fourth Amendment–subject only to a few specifically established and well-delineated exceptions.'" (quoting <u>Katz v. United States</u>, 389 U.S. 347, 357

9

(1967)). Whether the encounter constitutes a seizure, thereby triggering the citizen's constitutional rights, turns on whether a reasonable person would feel free to disregard the police and go about his business. Florida v. Bostick, 501 U.S. 429, 434 (1991). A seizure occurs when a person submits to an officer's show of authority. California v. Hodari D., 499 U.S. 621, 628 (1991).

In this case, Hughes alleges that he was chatting with a friend in a public park when Lacerra approached and asked Hughes twice if he could conduct a pat-down. When Hughes expressly refused to give consent, Lacerra forcefully conducted the search. Shortly thereafter, Ballinger and Doe searched Hughes's person, notwithstanding Hughes's continued refusal to consent. Nothing in the complaint suggests that the officers possessed probable cause or reasonable suspicion. The first incident involved a seizure as Hughes asked if he could leave multiple times and the officers ordered him to stay and went so far as threatening to arrest him if he attempted to leave. In light of the foregoing, Hughes alleges sufficient facts under the Twombly standard to permit the unlawful search and seizure claims to proceed against Lacerra, Ballinger, and Doe.

The defendants' argue in their motion to dismiss that once finding that the plaintiff was on probation, they have the authority to search and arrest the plaintiff at any time. Even if this is the case, the defendants did not know the plaintiff was on probation until they searched him and found his wallet, despite his refusal to a search after twice being asked by the deputy. This argument is without merit.

Claim 4: Ballinger - False Arrest

Hughes asserts that Ballinger violated his constitutional rights by falsely arresting Hughes during the second incident and seeks declaratory relief and compensatory/punitive damages.

Although a warrantless arrest without probable cause violates a person's constitutionally protected liberty interest, and forms the basis for a section 1983 claim, Marx v. Gumbinner, 950 F.2d 1503, 1505-06 (11 Cir. 1990); Motes v. Meyers, 810 F.2d 1055 (11 Cir. 1987), the Constitution does not guarantee that only the guilty will be arrested, Baker v. McCollan, 443 U.S. 137 (1979), and the existence of probable cause is an absolute bar to a section 1983 action for false arrest. Marx, 950 F.2d at 1506. Moreover, the fact that an arrested individual is ultimately acquitted, or charges against him are dropped, is of no consequence in determining the validity of the arrest. Id. at 1507; Mills v. Town of Davie, 48 F. Supp. 2d 1378, 1380 (S.D. Fla. 1999). Probable cause "requires more than mere suspicion, but does not require convincing proof." Bailey v. Board of County Commiss'rs of Alachua County, 956 F.2d 1112, 1120 (11 Cir. 1992). The definition of probable cause is well established, see, e.g., United States v. Elsoffer, 671 F.2d 775 (11 Cir. 1982), and it has been long recognized that probable cause to arrest exists where the facts and circumstances within an arresting officer's knowledge, and of which he had reasonably trustworthy information, are sufficient for a man of reasonable caution to believe that an offense has been or is being committed. Hunter v. Bryant, 502 U.S. 224, 229 (1991). Moreover, the existence of circumstances in which an arresting officer has only *arguable* probable cause, if not actual probable cause, is sufficient for a defendant officer to be entitled to qualified immunity. See Lee v. Ferraro, 284 F.3d 1188, 1195 (11

Cir. 2002); Scarborough v. Myles, 245 F.3d 1299, 1302 (11 Cir. 2001). Arguable probable cause exists where reasonable officers in the same circumstances, and possessing the same knowledge as the defendant officer(s) could have believed that probable cause existed to arrest. Scarborough, 245 F.3d at 1302.

Following his arrest, the state charged Hughes with resisting an officer without violence, pursuant to Fla. Stat. §843.02, and trespass on school grounds, pursuant to Fla. Stat. §810.097.

It was initially found that the facts contained in the amended complaint do not establish probable cause to arrest Hughes for either crime. However, closer review of the facts reveal that there was arguable probable cause to arrest the plaintiff at the second incident. At the time of the second incident, it had become known that the plaintiff was on probationary status. The deputy therefore had the authority to stop him at this time. Further, after the initial incident after which the plaintiff was released, he returned to the area, in complete disregard of the deputies instructions. The plaintiff, in passing out his flyers during school hours was in violation of the school safety zone, Fla Stat 810.0975 (2008). The plaintiff states in his amended complaint that he "Plead out these charges at his violation of probation hearing" (DE#11 p.3)) Further, the plaintiff states that although he was ordered to stop, "At this time I rode my bike to the back of the store and jumped a fence to get away from him" (DE 11 p.&).

Clearly, the facts as stated by the plaintiff, indicate that there was arguable probable cause for the plaintiff's arrest. The plaintiff therefore cannot state a claim for a violation of the Fourth Amendment because there was probable cause or arguable probable cause to arrest the plaintiff.

Once the Court has determined there was probable cause for the arrest, and no constitutional violations occurred, the officers are entitled to qualified immunity. <u>Scarbrough v Myles</u>, 245 F.3d 1299 (11 Cir. 2001). (officers are entitled to qualified immunity as long as they possess "arguable probable cause to arrest"). <u>Jones v Cannon</u>, 174 F3d. 1271 (11 Cir. 1999) (Arguable probable cause not the higher standard of actual probable cause governs the qualified immunity.  The deputy is therefore entitled to qualified immunity as it relates to this claim.

### 1V.   <u>Recommendation</u>

It is therefore recommended that the Defendants' Motion to Dismiss (DE#25) be granted in part and denied in part as follows:

1.   The claims against Lacerra, Ballinger and Doe for use of excessive force be dismissed.

2.   The claims against Lacerra and Doe for failure to intervene be dismissed.

3. The claims against Lacerra Ballinger, and Doe for unlawful search and seizure in the first incident proceed.

4. The claims against Ballinger for false arrest in the second incident be dismissed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 24th day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Jonathan Eugene Hughes, Pro Se
     #L15141
     Taylor Correctional Institution
     Address of Record

     Richard Woulfe, Esq.
     Louis Reinstein, Esq.
     Bunnell & Woulfe PA
     Attorneys of record